We've argued this case, at least from the perspective that we're dealing with what we classify as an illegal plan. The third modified plan, it proposes. We got you. We read your briefs. So we'll just come right at you with the questions. So preclusion. We've said, bankruptcies need to be final. And it's not just what was actually litigated. The rule generally is what could have been litigated is precluded by a final plan. And the authorities you give us, you know, Witkowski, Barbosa, those are not about whether there's generally preclusion. They're about whether, you know, if you fall within one of the 1329A exceptions, can you revisit it? Because otherwise, 1325, that's what controls here. So you know, when you look at our precedents like Sostek, or you look at U.S. aid funds versus Espinoza, looks like that's the end of the ballgame for you. I would disagree with those readings. I believe, you know, the case will, you know, in this case, you know, there is no effort to disrupt the earlier plans. All of these things, maybe we could start with this. Do you agree that if we thought it was res judicata, that would take everything out of the case for your argument, except for the feasibility of the plan? No, I really don't. If we thought, okay, then. In terms of res judicata, if I may, just to lay out. Yeah, I'm not going to stop you from making your argument about res judicata. I'm just analytically trying to think about if we thought you were wrong and the other side was right about res judicata, the only argument that you made as to which they don't have a res judicata argument in response is feasibility of the plan. Am I right about that? I think, like I said, I think the assignment of rents, it was really an addictive issue. Well, they say, and the district court and the bankruptcy court seem to think that that assignment of rents indeed was a res judicata issue. That was one of the things that was settled up in those earlier iterations of the plan. How are they wrong about that? I mean, I understand you think the assignment of rents is illegal and it shouldn't happen, but I'm only trying to get a dividing line between what would be settled by res judicata if they were right about it and what wouldn't. The bankruptcy court and district court both said assignment of rents, that was something that was settled earlier. When you agreed that the money could go to the trustee, done. Why are they wrong about that? Because it's a new plan. Well, that's a different argument, Mr. Powers. Now you're attacking the res judicata. You're saying it's a new plan and so it shouldn't be res judicata. So I'm going to go at this one more time and then give up. I'm not asking you to give up your res judicata argument. I'm only trying to find out if I'm correct in my understanding that the one argument as to which they don't say, hey, res judicata is feasibility of the plan. Feasibility of the plan, that's something that's open and you can argue about. But all the other things, if they were right about res judicata and that the district court and bankruptcy court said those were res judicata, they'd be gone. I might be just asking you badly and I'll apologize for that.  I think I do. From our perspective of this case, if there's res judicata, there's no point to having it. It basically wipes out all the noticing and hearing requirements. It takes out everything except for the feasibility argument. Am I right about that? I think the district court disagreed with that. I think they took it in perspective. They took out the feasibility argument as well. That's my reading of the district court opinion. Well, because the extent the feasibility argument is predicated on the assignment of rents, it undermines the feasibility argument. You have a feasibility argument, but all the ammo for it are the things that are being precluded. A piece of that, yes. Okay. Thank you for letting me try to get that understanding right. Go ahead and answer, if you would, Judge Bevis' question. Yeah, we'll start. How did 1325 and 1329 fit together? It's a post-confirmation modification of the plan. And under 1329D3, that requires court to consider 1325A. 1329 doesn't seem to have a D. Okay. 1325A, yes. Okay. Right. So, the requirements for confirming the plan. And you're saying that 1329 allows modification of four grounds, but we shouldn't read it as expressi unias. It allows modification of the plan on four grounds, but we should allow modification on other grounds that aren't listed in 1329. If you look at the statute, 1329A. Okay. Okay, it's listed on four grounds. This case is not premised under 1329A. It's premised under 1329D, which was added by the CARES Act. Okay. Okay. And specifically, under 1329A, it only allowed a five-year term, whereas the CARES Act allowed a seven-year term. And the language is different between A and D. Can you tell us about the interaction between 1329 and 1327? You were good enough in your briefing to give us an addendum with the pertinent statutory sections. And 1327 looks like it's the race judicata section, right? Collier's bankruptcy, I think everybody would agree, is the leading treatise. Why don't you respond, if you would, to this from Collier's. It says, a trustee or unsecured claim holder may not raise as grounds for modification under 1329 facts that were known and could have been raised in the original confirmation proceedings because the order of confirmation must be considered race judicata as to that set of circumstances. Doesn't that speak directly to this case? I don't think so. And one of the things that we've argued here is under the present value analysis under 1325A5B2. The present value of the asset. The value of the claim. In the plan. That's their assertion is you agree to the 95,000 and you don't get another bite at that apple. What's wrong with that reasoning? 506A says that the evaluation is conducted with respect to any confirmation here. Okay, but we have precedent. Arctic Glacier, I wrote it, says under Chapter 11, Chapter 15, any issue that was litigated or could have been litigated is race judicata. Is there something special about Chapter 13 that says that principle doesn't apply here? I would think the provisions of Chapter 11 would be, you know, fairly comparable. Okay, well deal with our precedent that says any issue that was litigated or could have been litigated is race judicata once Chapter 11 or Chapter 15 plan has been confirmed. Yeah, take Sostek on directly. In re Sostek, which applies 1327. Sostek didn't involve a modified plan. It didn't involve a modified plan, but it said that a confirmed plan is race judicata. You'd agree with that? A confirmed plan, if it's confirmed, it's race judicata as to those issues that were litigated and indeed that could have been litigated. It was binding as to that plan. Okay. But there's a subsequent plan that's replaced. The debtors in this case have basically abandoned the earlier plan by filing the new plan. Well, that's not the way the bankruptcy court or the district court saw it, and they've got precedent for it. The bankruptcy court cited Loden, and it cited the Massachusetts housing case. In both those cases, in the first instance of bankruptcy court and the second instance of district court, looked at this very issue of modified plans and said, as to the issues that were previously taken care of, you know, new issues that are put on the table for the first time, okay, you can go after those. But if they were things that you agreed to before, you're done. What's wrong with that reading of 1327? Indeed, what authority do you have that's contrary to that? I believe Loden actually is in opposite to what the bankruptcy court cited it for. I believe it supports our case here. You know, in that case, you know, there was a modified plan, and they allowed a higher, you know, payment to the debtors. Well, when you say Loden didn't say it, I'm just going to read to you from Loden because I thought it said, race judicata should apply, quote, to issues related to the confirmed plan that were unrelated to the proposed modification, close quote. Issues that were related to the confirmed plan that are unrelated to the proposed modification, those issues, race judicata, you're done. Now, why isn't that exactly on here? As far as my understanding of Loden, was it there was a property increase in value, and they looked at the value as part of the review of that case. And they allowed, when they, they allowed the modified. But how is that relevant to the, what I've just read to you? I mean, that's, it sounds to me a little like you're saying, yeah, the car came into the intersection and T-boned the other car, but it was a blue car instead of a red car. That may be factually right, but it doesn't seem to bear on the legal issue. The legal issue here is not an auto accident. It's whether there's race judicata. And Loden seems to speak directly to that. Like I said, I don't read it that way. Okay. I think, I think the case law, you know, shows that, in fact, modifications of plans occur all the time in the bankruptcy court. Yes. And they frequently surrender vehicles. They occur. And 1329 has four specific ways in which they can be modified. But the expressio unius canon, what allows us to modify the plans beyond the four specific ways that 1329 spells out? 13, the four specific ways is under 1329A1. Right. Okay, we're under 1329D. Okay. Okay, it's a, there's restrictions and limitations are not in there. Okay. Okay? And even so, I think either the first or the third ground would be grounds for modification as well. This could clearly fit into that. All right. Well, we'll have you back on rebuttal, Mr. Powers. Thank you. We'll hear from your colleague, Mr. DeLion. Good morning. If you may please the court, Kevin DeLion from the law office of Raymond & Raymond on behalf of the appellee, Tiffany Smith. Am I, am I saying your name right? Is it DeLion or Lyon? Or DeLeon. How do you say it? What's the right way to say it? You could say DeLeon, it's a longer story, but DeLion is the way my family pronounces it since they came from Ellis Island and wanted to get jobs. Okay. DeLion it is. Why don't you, if you would, take on the argument that I understand your colleague to be making in briefing and here today that there was a responsibility for the bankruptcy court and district court to see that these laws, and they are, and they are clearly not consistent with law. And they've cited the chapters in the, or excuse me, the sections of the bankruptcy code about equal rent payments, et cetera, where the plan seems to go off base, why are they wrong to say that makes this problematic? We, the bankruptcy courts really can't stand because the bankruptcy court didn't do what it was supposed to do. Well, there's two essential arguments there. The first one is what you were raising with counsel before is the rest judicata aspect that under Sostek, Espinoza, these issues, even if they were theoretically not permissible on the original plan, if they were confirmed and not objected to and could have been objected to, you're bound by them now, you know, and that's it. 1327 is rest judicata as to those issues, even if they weren't necessarily proper, or as a district court said, unless there was some kind of jurisdiction, jurisdictional or due process violation, but that does not seem to be raised here. So even if there was mistakes here, perhaps, you know, there was a wrongful, you know, plan provision that got confirmed, but at this point you didn't object. In fact, you consented to them or got overruled on it. And you're bound by that. The second argument is that we vehemently dispute that there was any wrongful plan terms. And we believe every single aspect and every single co-provision was complied with in the original two plans that were confirmed. Okay. Let me take a step back and just ask about our standard of review here for a moment. You know, we've got, and I'm asking that question because of the thing I was talking with Mr. Powers about, so I suppose I should start there. Am I correct in understanding that of the issues that have been brought on appeal and that were argued in the district court and the bankruptcy court, all of those would be addressed by res judicata, except for the feasibility of the plan issue? I would agree to that. The only objection that I believe, and my client believes, was able to be brought was to the specific payment terms of the prior plan, which basically goes to the feasibility. Was that specific payment plan terms a feasible plan? Those are the only things that were unchanged, that were changed from the prior plans. All the other terms and concepts were already ruled upon in the prior cases. They're all bound by res judicata. Yes. Only the feasibility argument is the only possible type of objection freedom mortgage could have asserted in this case. Okay. Then is the question of res judicata a purely legal one as to whether there was res judicata or not? Are we examining a legal conclusion in exercising plenary review? Is it a mixed question a lot? But what should our standard review be as to the res judicata piece? Well, I believe res judicata does involve some sort of factual determinations. You have to determine that the same issues were litigated in the prior cases. I guess there is factual objections that could be raised that there are new issues asserted that weren't specifically ruled on, so I believe a res judicata determination is a mixed issue of law and facts. In which case, what's your position on what our standard of review should be? And looking at and reviewing those decisions that res judicata apply to those several issues. To the legal aspects, there should be de novo, there should be clear error to any of the factual ones and abuse of discretion if there was any discretionary aspects involved in that by the lower courts. And as to the feasibility of the plan issue, that's a straight up abuse of discretion standard? That is what we believe the case to be, yes. It's probably, there's nothing more quintessential and nothing more discretionary and no more fact finding process in a consumer chapter 13 bankruptcy case than feasibility. There is no objective right or wrong answer. There is no prescribed formula by Congress of a mechanical approach of looking at income versus expenses. Here's the head court, here's my income, here's my expenses, here's my circumstances, here's my job. You know, all this in the totality shows that I'm able to make the payments under this plan. There is no, you know, five judges could look at the same case and five judges could come to different legal conclusions. It doesn't mean any of them is wrong. It just means that there's a substantial, you know, discretion involved in the process. And as long as it's not illogical, then it doesn't violate the abuse of discretion. I'm asking because at least in a non-presidential opinion and the district of Delaware, which sees a lot of these cases, a lot of bankruptcy cases, they, there seems to be something about, you know, clear error there, which surprises me a little bit. I understand it's a fact driven decision, but it does seem like there's a, there's an exercise of discretion going on there. And I hear you saying your position is abuse of discretion. Is that right? Correct. Okay. Okay. Thank you very much. Unless there's something else you need to say. I just want to, I guess, add to the overall understanding of the bankruptcy, which I'm sure your Honors are well aware. There's just, if the mortgagee is allowed to re-litigate value, that's going to a huge Pandora's box and in reality, a boon for the consumer bankruptcy bar such as myself, real estate, perhaps is the only property collateral that tends to appreciate. Most property depreciates in bankruptcy, equipment, vehicles, you know, if, if you're allowed to revalue property, which again, we certainly cannot do, you know, there's going to be numerous plans on a monthly basis every, every month. Now, you know, you're, we're cramming your vehicle through the plan. Well, every month the vehicle is reduced value. We're going to do that. We're going to, you know, my office is going to be following modified plans. We've been reducing values on collateral as it depreciates, vehicles as it depreciates. You know, it encourages debtors to not maintain insurance on the property because if the property is wrecked or destroyed, they have an ability to come back to the court and seek a reduction in value. So it may be bad for the debtor in this case, but overall, that would be a And I'm sure Criers Council across the country and in the third district do not want that to be the case that we can come back and continuously revalue property based on the whims of the market or a condition of the property. So, Mr. Daunt, your friend on the other side wants to say 1329D just isn't limited at all to the four categories of modifications allowed in 1329A. Can you talk some about the CARES Act and what kinds of modifications are done, are typically done, what kinds of modifications, if we apply res judicata here, would still be allowable under the CARES Act? None, because the CARES Act 1329D sunsetted as of, I believe, March 30th of 2022. So you're no, so you are no longer able to modify a plan. Now it does raise potentially other issues. If you're an, you know, if you're an active, you know, seven-year plan now, you know, the courts generally allow you to continue to maintain that seven-year plan if you modify it, but you're not able to extend a five-year plan to a seven-year plan at this point. So my colleagues arguing about 1329D basically being an open box, you know, not limited by 1A and 4A, to me, it just seems to be an illogical interpretation of the statute. 1329A specifically says you can only modify under these four circumstances. 1329D gave a limited extension to, you know, to a seven-year plan, but there would be no reason in 1329D to reincorporate 1329A into 1329D. I just don't think from a statutory reading or from a logistical point of view that that kind of interpretation of statutory construction would make sense for a statute to re-reference itself entirely in a subsequent section. So I just don't think, you know, there's any way you could discount the fact that 1329A applies to 1329D when it was in effect. Okay. Thank you, Mr. DeLayen. Thank you. Mr. Powers, I hear you're about, sir. As far as the feasibility aspects of the plan, there really was no evidence, but before the court, the court was looking back at schedules that were over two years old, the judge remarked, you know, he used the word, I don't know, who knows, I guess, it looks like . . . In fairness, Mr. Powers, with regard to the feasibility of the plan, as I read that transcript, it appeared to me that the district court, excuse me, the bankruptcy court was just saying what people would generally say, which is, look, these are projections. It's in the future. We're not, we can't know for sure what's going to happen. So, you know, who knows how it will really turn out, but I think given the record that we've got, this is going to, this is going to be okay. Are we really going to fault a bankruptcy judge for making the obvious observation that it's in the future and the future is by definition unknowable to the mortal mind from a present standpoint? I think the case law basically says that you have to be able to support the finding. Well, he did that. He went through, he said, I mean, I could pull it out and we could run through it together, but he says, this is what the, this is like the cash, this is the $40,000 they got in the bank as a cushion right now. This is what I think the payment over time would be. There's a step up. It's going to be a little tight, but I think they can make it. I mean, why wouldn't we look at that and say, oh yeah, the bankruptcy judge did all that. Are we really going to fault them for saying, well, the future is unknowable. It's kind of a guess, but I think it's okay. He also remarked, I didn't do the math. Yeah. Well, he says, I have no idea, you know, when the pandemic's going to end. He didn't know when the pandemic was going to end. What? No, I understand that, but to the extent that the one unit wasn't rented, okay, he, you know, he noted that, you know, so there were a lot of reasons, you know, I feel that, you know. Do you agree it's an abuse of discretion standard on that piece of it, on the feasibility of the plan? No. What's the standard view? Clear error? I think it's clear error, yeah. Well, clear error makes it harder for you, doesn't it? We would have to, I mean, I'm happy to, I'm happy to take it, but I think, I think the case law says both, actually, if you look at it, but some of the third circuit precedents that used, you know, clear error. What should, if we've gone both ways on this, what's the right way to look at it? Is it a discretionary decision that's based on underlying facts? Or is it really so fact-driven that we should just say, unless they're clearly wrong, they're done? I mean, unless they're clearly wrong, the decision stands. I think the abuse of discretion is the overall standard there. Okay. But the cases go both ways. Okay. Well, we thank counsel for argument today.